IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER BERRY,           :
    Plaintiff                :
                             :
v.                           :   CIVIL NO. 4:CV-05-1997
                             :
                             :   (Judge Jones)
EDWARD KLEM, ET AL.,         :
    Defendants               :

## MEMORANDUM AND ORDER

June 1, 2006

**Background**

    This pro se civil rights action was initiated by Christopher Berry ("Plaintiff" or "Berry"), an inmate presently confined at the State Correctional Institution, in Coal Township, Pennsylvania. Named as Defendants are the following officials at Plaintiff's prior place of confinement, the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"): Superintendent Edward Klem; Head Correctional Officer Vincent Mooney; Major Joseph Michaels; Director of Activities John Corbaccio; Activities Staff member James Lotz; and Food Service Instructor James Connelly. Service of the complaint was previously ordered.

    Berry states that on the afternoon of October 27, 2003, he was attending a weightlifting session provided by the SCI-Mahanoy activities department. After completing his workout, Plaintiff was allegedly attacked from behind by a fellow

prisoner. He "was knocked unconscious & thereupon kicked, stomped & beaten repeatedly for minutes while activities personnel ... continued to look on." (Rec. Doc. 1, ¶ 12). According to the complaint, at the time of the assault there was no guard on duty in the prison's gym. After a 4-5 minute interlude, Officer Gear and Instructor Wright arrived on the scene. See id. at ¶ 13. However, instead of physically intervening, Gear and Wright purportedly "merely looked on & told the inmate to stop." Id. Following the incident, Plaintiff was escorted to the prison's medical department for an examination and was thereafter placed in the prison's Restricted Housing Unit ("RHU") on protective custody status and for investigative purposes. Berry contends that as a result of the attack, he suffered post concussion headaches, post traumatic stress disorder, inconsistent eye vision, paranoia, and mental anguish.

Plaintiff additionally alleges that throughout the five (5) years that he attended weightlifting sessions in the SCI-Mahanoy gym, the participating prisoners were left totally unsupervised. His complaint further claims that one (1) month prior to the incident, Defendant Connolly placed him in danger by labeling him as a snitch in the presence of other inmates. Berry concludes that although he is no longer confined at SCI-Mahanoy, he continues to suffer from injuries caused by the Defendant's purported lack of care, protection, and security. He seeks compensatory and punitive damages.

2

Presently pending before the Court is Defendants' Motion to Dismiss the complaint for failure to exhaust administrative remedies. (Rec. Doc. 13). The Motion has been briefed by the parties and is ripe for disposition.

**Discussion**

As noted above, Defendants seek dismissal of the complaint on the grounds that Plaintiff failed to exhaust available administrative remedies with respect to each of his present claims. 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2

(6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense.  See, e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense).  Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).  Rather, it is the burden of a defendant asserting the defense to plead and prove it.  Id.;  Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c)).

Finally, in Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004), the Third Circuit Court of Appeals recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable.  It held that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim.  The Third Circuit added that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance.

With respect to the Plaintiff's present claims of an unconstitutional failure to protect his safety, the Pennsylvania Department of Corrections ("DOC") has established a Consolidated Inmate Grievance Review System. See Rec. Doc. 18, Exhibit B-1, DC-ADM 804 (effective May 1, 2002). With certain exceptions that are not applicable in this case, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing within five (5) working days to the Facility Manager; and a final written appeal may be presented within five (5) working days to the Secretary's Office of Inmate Grievances and Appeals.

A prisoner, in seeking review through the grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. Furthermore, grievances must be submitted for initial review to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances. Id. An improperly submitted grievance will not be reviewed.

In support of their non-exhaustion argument, Defendants acknowledge that Berry filed a grievance regarding the October 27, 2003 assault on December 17, 2003. See Rec. Doc. 18, Exhibit A-1. Plaintiff's grievance included his present claims that prison staff did not respond promptly when he was attacked, and that the gym was not

properly supervised. However, it did not set forth any allegations with respect to his present assertion that Defendant Connelly labeled him as being a snitch one month prior to the attack. The SCI-Mahanoy Grievance Coordinator rejected the grievance as being untimely filed because it was not submitted within fifteen (15) working days of the underlying incident.

Berry then filed an administrative appeal with Superintendent Klem who affirmed the rejection of his grievance. By Memorandum dated February 5, 2004, the Office of Inmate Appeals and Grievances rejected a final appeal by Berry because it did not include copies of the Grievance Coordinator's response to his grievance, his appeal to the Superintendent or the Superintendent's decision.[1] However, the Memorandum granted Plaintiff ten (10) days to submit those required documents and forewarned him that failure to do so would result in dismissal of his appeal. See id. at Exhibit B-3. Berry failed to submit the requested documents.

Defendants assert that dismissal for non-exhaustion is appropriate because Plaintiff: (1) neglected to file his initial grievance within fifteen (15) days as required; (2) failed to identify the individuals who allegedly responsible for his injuries as required under Spruill and DOC regulations; and (3) did not complete the grievance

---

[1] Pursuant to DC-Adm. 804-D, an appeal to the Secretary's Office of Inmate Appeals and Grievances must include photocopies of the initial grievance, initial review, initial review response, appeal to the Superintendent, and the Superintendent's decision. Failure to include said documentation may result in dismissal of the appeal. See Rec. Doc. 18, Exhibit B-1.

process. The Defendants conclude that Plaintiff's above described failures resulted in a procedural default of his administrative remedies which precludes him from obtaining relief under § 1983.

Berry's opposing brief generally maintains that it was "virtually impossible" for him to submit his initial grievance within the fifteen working day period permitted under DOC regulations. (Rec. Doc. 23 at 2). He adds that he was afraid to submit a grievance due to fears of reprisal by prison staff and that he did not have the "time, opportunity & resolve" to submit a grievance until December 17, 2003. Id. Plaintiff additionally claims that the documents required to perfect his appeal to the Secretary's Office of Inmate Appeals and Grievances were timely mailed on February 12, 2004. As a result, Plaintiff argues that his action should not be dismissed for non-exhaustion.

Plaintiff offers no compelling explanation as to why he waited until December 2003 to initiate his administrative grievance. His vague assertion that he did not have the time, opportunity, and resolve to initiate a grievance until December 2003 does not set forth a compelling reason to excuse compliance with the exhaustion requirement. It is noted that there is no indication that the injuries allegedly suffered by Berry prevented him from timely submitting a grievance. There are also no facts alleged that could establish that any correctional officials prevented timely pursuit of administrative relief with respect to the October 27, 2003 assault.

Based on a review of the record, Defendants have satisfied their burden under Williams of establishing that Berry's present civil rights claims were not administratively exhausted. It is equally apparent that no one impeded Plaintiff from filing an initial administrative appeal. Furthermore, even accepting Berry's argument that he took take proper timely remedial action with respect to his final administrative appeal, i.e., timely submitted the necessary photocopies, his present claims were already procedurally defaulted in two other respects, namely, his initial administrative grievance was not timely filed and it failed to identify the individuals who were responsible for his injuries.

Plaintiff has failed to establish that his subsequent failure to follow proper administrative procedure was the result of any interference by DOC officials. Since it is clear that the Plaintiff failed to properly exhaust his administrative remedies with respect to his present claims and he has not demonstrated any legitimate basis as to why he should be excused from the exhaustion requirement, his present complaint cannot proceed. Defendants' Motion to Dismiss will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss (doc. 13) is GRANTED.

2. Plaintiff's complaint is DISMISSED for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. § 1997e(a).

3. The Clerk of Court is directed to close the case.


                                              s/ John E. Jones III
                                              JOHN E. JONES III
                                              United States District Judge